FILED
United States Court of Appeals
Tenth Circuit

October 8, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STEVEN ORLANDO TITSWORTH,

Petitioner - Appellant,

v.

MIKE MULLIN, Warden,

Respondent - Appellee.

No. 08-7057
(D.C. No. 08-CV-00129-RAW-KEW)
(E.D. Okla.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Steven Orlando Titsworth, a state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. Because the district court's conclusion that Mr. Titsworth's petition was untimely is not reasonably debatable, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

On February 26, 2003, Mr. Titsworth pleaded guilty to petit larceny and received a one-year suspended sentence. Because he did not appeal, his conviction would become final ten days thereafter, on March 8, 2003. That date

was a Saturday, so the conviction became final on March 10, 2003. See Okla. Ct. Crim. App. R. 1.4, 1.5, 4.2(A); Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001). Mr. Titsworth then had one year to file his federal habeas corpus petition under § 2244(d)(1)(A). This federal petition was filed on March 28, 2008. On May 5, 2008, the State moved to dismiss the federal petition, and on May 29, 2008, the district court granted the motion on the merits and noted that Mr. Titsworth had not responded within the time allowed. 1 R. Doc. 9. Thereafter, Mr. Titsworth filed an objection to the motion to dismiss which was denied. 1 R. Docs. 11 and 18.

Mr. Titsworth argues that the one-year limitation period should run from February 28, 2008, after the conclusion of various state post-conviction proceedings, the earliest of which was a motion to withdraw his guilty plea filed January 25, 2007. He also contends that he became aware of the factual predicate of his claims on November 15, 2006, when he began researching and determined that his counsel provided incorrect information about his sentence and the district court did not properly advise him. See 28 U.S.C. § 2244(d)(1)(D). Neither ground makes the district court's order reasonably debatable. The state post-conviction proceedings initiated after the one-year limitation period of § 2244(d)(1)(A) do not toll. See Fisher, 262 F.3d at 1142-43. Moreover, the Oklahoma Court of Criminal Appeals held that Mr. Titsworth should have been aware of the sentencing problem on March 5, 2004, a factual determination that is

-2-

presumed correct.  28 U.S.C. § 2254(e)(1).  Thus, Mr. Titsworth's federal petition was filed well after the one-year period commencing on March 5, 2004.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge